UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCHEIMAN,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD DON & COMPANY, LLC, et al.,<br><br>Defendants. | Case No. 26-cv-00220-TSH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

## I.    INTRODUCTION

Plaintiff Michael Scheiman is a former sales executive who alleges Defendants Edward Don & Company, LLC and Sysco Corporation failed to pay him earned commissions and did not timely provide his personnel and payroll records.  Pending before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No.15.  Plaintiff filed an Opposition (ECF No. 20) and Defendants filed a Reply (ECF No. 22).   The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the March 5, 2026 hearing.  For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.[1]

## II.    BACKGROUND

Plaintiff began his employment with Myers Restaurant Supply on or about May 21, 2013. First Am. Compl. (FAC) ¶ 19, ECF No. 1-10.  In or around 2022, Edward Don acquired Myers, integrating its operations, accounts, and personnel.  *Id.*  Following this acquisition, Plaintiff continued in the same role.  *Id.*  Plaintiff was assigned to Edward Don's Alameda, California

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 14, 19.

United States District Court<br>Northern District of California

United States District Court
Northern District of California

location. *Id.*

Edward Don is a commercial food-service equipment and supply distributor whose business includes designing commercial kitchens, supplying equipment and supplies, and providing project management services. *Id.* ¶ 20. As part of this model, Edward Don offers fee-based design services and then sells recommended equipment and supplies. *Id.* Sysco acquired Edward Don in October 2023. *Id.* ¶ 13.

Plaintiff worked as a sales executive from December 18, 2022, to December 23, 2024, creating client-specific designs that generated design fee revenue and facilitating subsequent equipment sales. *Id.* ¶ 2. His compensation structure, as set forth in an Employment Salesperson Agreement and Commission Plan Addendum, provided a 20% direct margin commission on equipment sales and a 10% direct margin commission on design revenue. *Id.* ¶ 22; Proctor Decl., Ex. A (Employment Salesperson Agreement), ECF No. 20-1. On October 10, 2024, Edward Don's Vice President increased Plaintiff's annual draw from $250,000 to $325,000. FAC ¶ 24. Plaintiff's employment agreement provided that commissions on orders received before termination and shipped within 60 days remained payable, subject to a 120-day reconciliation period. *Id.* ¶ 7.

Plaintiff alleges "Defendants" terminated his employment on December 23, 2024. *Id.* ¶ 6. He alleges that for orders received before his termination and shipped within 60 days thereafter, he earned commissions totaling $359,000, comprised of $352,100 in project-based equipment sales commissions at a 20% direct margin rate and $6,900 in design fee commissions at a 10% direct margin rate, and that Defendants have not paid these amounts despite expiration of the 120-day reconciliation period. *Id.* ¶¶ 25-26.

On July 11, 2025; Plaintiff requested his personnel file. *Id.* ¶ 30. Defendants sent a confidentiality agreement on August 12, Plaintiff returned a signed agreement on August 18, and Defendants countersigned on August 29, indicating records would be provided the following week. *Id.* ¶¶ 31-33. Plaintiff sent follow-up requests on September 11 and 12. *Id.* ¶ 34. On September 12 Defendants indicated they would share the records that same day and later followed up to indicate that a conflict would delay them until the following week. *Id.* ¶ 35. Plaintiff sent

additional requests on October 1 and 2. *Id.* ¶¶ 37-38.

On October 16, 2025, Plaintiff filed his initial complaint in Alameda Superior Court seeking, among other relief, injunctive relief requiring production of his personnel file and statutory penalties and fees. ECF No. 1-2. Defendants made an initial production on November 12, but it did not include wage statements or payroll records. FAC ¶ 40. Plaintiff requested complete production that day, and Defendants produced the full personnel file on November 13, 2025. *Id.* ¶¶ 40-41.

On December 9, 2025, Plaintiff filed the operative First Amended Complaint, alleging six causes of action: (1) withholding of wages in violation of California Labor Code section 206; (2) breach of contract; (3) unjust enrichment; (4) withholding of wages in violation of California fundamental public policy; (5) failure to timely provide payroll records in violation of California Labor Code section 226; and (6) failure to timely provide personnel file in violation of California Labor Code section 1198.5. *Id*. ¶¶ 42-77. Defendants removed the case to this Court on January 8, 2026.

Defendants filed the present motion on January 15, 2026. They argue dismissal is appropriate on two grounds. First, they argue all six claims must be dismissed against Sysco because Plaintiff has failed to plausibly allege it was his employer at any point during his tenure. Mot. at 1. Second, they argue his causes of action for unjust enrichment and withholding of wages in violation of fundamental public policy must be dismissed as to both Defendants because they are not recognized as actionable claims under California law. *Id.*

### III.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. DISCUSSION

### A. Whether Sysco Employed Plaintiff

Defendants first argue Plaintiff fails to assert any facts that would support his contention that he was ever employed by Sysco. Mot. at 3. They note he alleges he "was employed by Defendants," worked for "Defendants" beginning on December 18, 2022, and that "Sysco acquired Edward Don in October 2023," but he fails to allege that both Edward Don and Sysco shared control over the same employees, and more specifically, shared control over Plaintiff. *Id.* at 4 (quoting FAC ¶¶ 2, 16, 18). Defendants also argue Plaintiff contradicts his own allegations by claiming he worked for "Defendants," i.e., Edward Don and Sysco, in December 2022 but later

4

alleges that Sysco did not acquire Edward Don until October 2023. *Id.* (citing FAC ¶¶ 2, 16, 18). They argue "[t]he mere fact that Sysco later acquired Edward Don is entirely insufficient to establish that Sysco subsequently employed Plaintiff or that Sysco was a party to the Agreement." *Id.* They also argue "Plaintiff explicitly acknowledges that Edward Don and Sysco are distinct corporate entities, namely that Edward Don is a Delaware limited liability company and Sysco is a Delaware corporation." *Id.* (citing FAC ¶¶ 17, 18).

Plaintiff argues he has alleged sufficient facts to state a plausible claim against Sysco under theories of successor liability and joint employment liability. Opp'n at 3. He notes his allegations "that following Sysco's October 2023 acquisition of Edward Don, as when Edward Don acquired Myers Restaurant Supply in 2022, he continued in the same role, performing substantially identical work, managing the same customers, and selling the same products and services without interruption." *Id*. at 4 (citing ¶¶ 13, 18-19).

At this point in the proceedings, the Court finds Plaintiff has pled enough facts to state a claim against Sysco that is plausible on its face. While Defendants claim Plaintiff's allegations are contradictory because he alleges working for "Defendants" starting in December 2022 while also alleging Sysco did not acquire Edward Don until October 2023, this argument mischaracterizes the FAC. Plaintiff alleges he was employed by Edward Don beginning December 18, 2022, that Sysco subsequently acquired Edward Don in October 2023, and that he worked for Defendants as a "sales executive . . . from December 18, 2022 to December 23, 2024." FAC ¶¶ 1-2, 18. Indeed, Defendants' Notice of Removal appears to establish a corporate relationship between Edward Don and Sysco. *See* Notice of Removal ¶ 16(a), ECF No. 1 (establishing company's ownership structure); Blasgen Decl. ¶ 3, ECF No. 5 (same). As this case proceeds through discovery, it may turn out that Sysco cannot be held liable for these claims. But at this stage, the Court is unwilling to make this determination. *See Superior Care Facilities v. Workers' Comp. Appeals Bd.*, 27 Cal. App. 4th 1015, 1027 (1994) ("We therefore conclude that under appropriate circumstances, a successor entity may be held liable for the remedies provided in Labor Code section 132a. . . . "[W]e reject a blanket application of the successor doctrine; liability must be determined on a case by case basis."); *Castaneda v. Ensign Grp., Inc.*, 229 Cal. App. 4th 1015, 1019 (2014) ("An entity

that controls the business enterprise may be an employer even if it did not 'directly hire, fire or supervise' the employees.") (citing *Guerrero v. Superior Ct.*, 213 Cal. App. 4th 912, 950 (2013)). In the context of a motion to dismiss under Rule 12(b)(6), the Court evaluates only whether the complaint, on its face, sufficiently pleads claims for relief, not whether Plaintiff will ultimately succeed on the merits. As Plaintiff has met his burden, the Court **DENIES** Defendants' motion to dismiss on this ground.[2]

### B.    Unjust Enrichment

In his third cause of action for unjust enrichment, Plaintiff alleges he "performed substantial sales services that directly benefited Defendants, which under the Plan, triggered Plaintiff's entitlement to commission compensation." FAC ¶ 58. He further alleges "Defendants, with knowledge and appreciation for Plaintiff's services, retained the benefit of Plaintiff's work, including substantial revenue generated from the sales, while failing and refusing to remit the commissions Plaintiff earned," and that "[a]s a result, Defendants have been unjustly enriched at Plaintiff's expense. Defendants' retention of benefits without compensating Plaintiff for earned commission would be unjust and inequitable." *Id.* ¶¶ 59-60. Plaintiff seeks "restitution to make him whole." *Id.* ¶ 61.

Defendants argue Plaintiff's unjust enrichment claim "is not a properly recognized cause of action under California law, and for that reason alone should be dismissed" without leave to amend. Mot. at 4. However, the Ninth Circuit and the California Supreme Court have allowed claims for unjust enrichment to proceed as quasi-contract claims seeking restitution. *See Bruton v. Gerber Prods. Co.*, 703 F. App'x 468, 470 (9th Cir. 2017) (citing *Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 1000 (2015)); *see also City of Oakland v. Oakland Raiders*, 83 Cal App. 5th 458, 477 (2022) ("There is no cause of action in California labelled 'unjust enrichment.' . . . But common law principles of restitution require a party to return a benefit when the retention

---

[2] In their reply brief, Defendants argue Plaintiff's breach of contract claim against Sysco should be dismissed because Sysco was not a party to the employment contract. As they did not raise this argument in their motion, tsh Court declines to consider it here. *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012)) (noting that arguments raised for the first time in a reply brief are waived).

6

of such benefit would unjustly enrich the recipient; a typical cause of action involving such remedy is 'quasi-contract.'") (cleaned up); *Lawyer v. Homary Int'l Ltd.*, 2025 WL 1571856, at *6 (N.D. Cal. June 2, 2025) ("Since 'the theory underlying' an unjust enrichment claim is 'that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request' . . . [t]he return of that benefit is the remedy 'typically sought in a quasi-contract cause of action.'") (quoting *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)).  As such, the Court finds Plaintiff may plead a claim for unjust enrichment.  *See ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) ("To allege unjust enrichment as an independent cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense.") (citation omitted).

At the same time, a quasi-contract claim for unjust enrichment "'cannot lie where there exists between the parties a valid express contract covering the same subject matter.'"  *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014) (quoting *Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996)); *see also Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) ("As a matter of law, an unjust enrichment claim does not lie where the parties have an enforceable express contract."); *Hughes v. Apple, Inc.*, 2024 WL 4828072, at *6 (N.D. Cal. Nov. 18, 2024) ("Because the remedy for unjust enrichment is restitution, the plaintiffs must show that they lack an adequate remedy at law.") (citations omitted).  Thus, while Plaintiff may alternatively plead both a breach of contract claim and a quasi-contract claim, *see* Fed. R. Civ. P. 8(d)(2), to do so he "must allege that the supposed contract between him and [Defendants] was unenforceable or void." *Nguyen v. Stephens Inst.*, 529 F. Supp. 3d 1047, 1057 (N.D. Cal. 2021) ("Here, Nguyen alleges an enforceable contract existed between him and AAU but fails to allege that the same contract was unenforceable or void. Accordingly, the Court finds he does not adequately plead his unjust enrichment claim.") (citing *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 998-99 (N.D. Cal. 2020) (noting a plaintiff may alternatively plead a breach of contract claim and quasi-contract claim only if "the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid").

As Plaintiff alleges an enforceable contract existed between him and Defendants but fails

United States District Court
Northern District of California

United States District Court
Northern District of California

to allege in the alternative that the same contract was unenforceable or void, the Court finds he does not adequately plead an unjust enrichment claim. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's unjust enrichment claim. Dismissal is **WITH LEAVE TO AMEND**, but only if Plaintiff can plausibly allege the parties' contract was void or unenforceable.

### C.      Withholding of Wages in Violation of Fundamental Public Policy

In his fourth claim, Plaintiff alleges Defendants' withholding of his wages "violates fundamental and long-established public policy in California that requires payment of wages to workers." FAC ¶ 63 (citing *Gould v. Maryland Sound Indus., Inc.*, 31 Cal. App. 4th 1137, 1147 (1995), *as modified* (Feb. 9, 1995) ("The prompt payment of wages due an employee is a fundamental public policy of this state.")). Defendants argue this claim must be dismissed because they are unaware of any such cause of action under California law. Mot. at 5. In response, Plaintiff states he "does not oppose dismissal of the Fourth Cause of Action for Withholding of Wages in Violation of Fundamental Public Policy." Opp'n at 5 n.1. Accordingly, the Court **GRANTS** Defendants' motion as to Plaintiff's claim for Withholding of Wages in violation of Fundamental Public Policy.

## V.      CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion. If Plaintiff chooses to do so, he may file an amended complaint by March 19, 2026.

**IT IS SO ORDERED.**

Dated: February 17, 2026

THOMAS S. HIXSON
United States Magistrate Judge

8